UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE MATTER OF THE *EX PARTE* APPLICATION OF CANDEL & PARTNERS SAS FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | § § § § § § MISC. ACTION NO. 4:24-MC-1948 |

## MEMORANDUM & ORDER

This case arises from a request by Candel & Partners SAS ("Candel") to issue subpoenas to ExxonMobil Corporation ("ExxonMobil") under 28 U.S.C. § 1782. Before the Court is Candel's Motion for Reconsideration of the Court's May 13, 2025 decision granting ExxonMobil's Motion to Quash Subpoena Issued Pursuant to 28 U.S.C. § 1782. ECF No. 26. For the following reasons, the Motion is **DENIED**.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). A motion seeking reconsideration of an order or judgment is generally considered a motion to alter or amend under Rule 59(e) if it seeks to change the order or judgment. *T–M Vacuum Prods., Inc. v. TAISC, Inc.*, No. 07–cv–4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). To succeed, a Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*,

891 F.2d 1154, 1159 (5th Cir. 1990)). Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (holding that the Rule 59(e) standard "favor[s] the denial of motions to alter or amend a judgment.").

Here, Candel argues that ExxonMobil's May 28, 2025 press release announcing that ExxonMobil's affiliate ExxonMobil France Holding ("ExxonMobil France") intends to sell its stake in Esso constitutes newly discovered evidence that alters the Court's application of the factors delineated in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). ECF No. 26. Specifically, Candel argues that the press release cuts directly against the Court's denial of discovery under the first and fourth *Intel* factors. *Id.* at 2.

At the May 13, 2025 motion hearing, the Court considered the four *Intel* factors: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign court to judicial assistance; (3) whether the discovery request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome. *Intel*, 542 U.S. at 264. The Court granted ExxonMobil's Motion to Quash on the grounds that all four *Intel* factors weighed against granting discovery under 28 U.S.C. § 1782. Even if the Court considers the press release as newly discovered evidence under Rule 59 (or Rule 60 as ExxonMobil argues is the applicable rule), the Court finds that it does not warrant reconsideration of its previous decision. The planned sale of Esso is dependent on future events that may not occur, so it does not alter the Court's analysis of the first *Intel* factor at this moment. Further, while Candel makes another proposal to narrow the scope of the subpoena, the Court finds that a Motion for Reconsideration is not the proper vehicle to raise new arguments for an

2

alternative modification of the subpoena, especially after the Court rejected Candel's earlier proposal to narrow the subpoena. *See Danzy v. IATSE Local 22*, 2021 WL 6753479, at *4 (D.D.C. Sept. 24, 2021). The Court also reiterates its finding that the second and third *Intel* factors weigh against Candel's request for discovery because the French courts would not be receptive to help from this Court and because there was evidence of circumvention, even if unintentional, of foreign proof-gathering restrictions. Accordingly, Candel's Motion for Reconsideration is **DENIED**.

    **IT IS SO ORDERED.**

    **SIGNED** at Houston, Texas on this the 24th day of July, 2025.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE